

FILED
DEC 12 2008
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHERMAN L. SHELTON, JR.,

    Petitioner,

v.                                                               Civil Action No. **3:08cv70**

**DIRECTOR OF VIRGINIA DEPARTMENT
OF CORRECTIONS,**

    Respondent.

## MEMORANDUM OPINION

    Sherman L. Shelton, Jr. ("Petitioner"), proceeding *pro se*, filed this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. On September 24, 2008, the Court dismissed the action. On October 16, 2008, Petitioner filed a motion for rehearing, which the Court construed as a motion pursuant to Rule 60(b). On October 27, 2008, the Court ordered Petitioner to either amend his Rule 60(b) motion to delete his challenges to the Court's rulings on his substantive claims or else to seek permission from the United States Court of Appeals for the Fourth Circuit to file a successive habeas petition. On November 3, 2008, Petitioner amended his Rule 60(b) motion to delete his challenges to the Court's rulings on his substantive claims. On November 6, 2008, Petitioner executed and presumably mailed a second motion pursuant to Rule 60(b). This motion challenges only the Court's finding that Claims 1, 2, 3(A)(ii), and 3(B) were procedurally defaulted.

    In Claim 1, Petitioner alleged that his due process rights were violated by an unnecessarily suggestive and unreliable identifications. In Claim 2, Petitioner argued that he was illegally stopped, searched, and arrested without probable cause. The Court found that both

Claims were procedurally defaulted because the Supreme Court of Virginia, on habeas review, refused to consider the claims because they could have been, but were not, raised at trial or on appeal. *See Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974).

Petitioner argues that the rule in *Slayton* does not bar federal review of his claims. For the proposition that the rule does not apply unless a petitioner has a fair and full opportunity to raise the constitutional issues at trial or on direct appeal, he cites to *Diapola v. Riddle*, 581 F.2d 1111, 1113-14 (4th Cir. 1978). *Diapola*, however, addresses the rule that claims of illegal search and seizure are not cognizable on federal habeas review if the state provided an opportunity for full and fair litigation of the issue below. *Id.* at 1113. This substantive rule does not pertain to procedural default. Moreover, Petitioner's claim that he was denied a full and fair opportunity to litigate his claims is conclusory and lacking in any factual detail. Petitioner therefore fails to show that the Court erroneously held that Claims 1 and 2 were procedurally barred.

In Claim 3(A)(ii), Petitioner argued that standby counsel was ineffective for failing to subpoena Nicole Seal for the April 6, 2005 pre-trial hearing. In Claim 3(B), Petitioner argued that counsel was ineffective for failing to arrange for a DNA expert to be present on the day of trial. The Court found that both of these claims were unexhausted. Petitioner now argues that Claims 3(A)(ii) and 3(B) were presented to the Supreme Court of Virginia. Petitioner does not, however, address the Court's conclusion that his discursive remarks about counsel's performance did not fairly present the substance of these claims. Petitioner therefore fails to show that the Court erroneously held that Claims 3(A)(ii) and 3(B) were procedurally defaulted.

Petitioner also argues again that his attorney's ineffective assistance constitutes cause and prejudice for the default such that the Court should not apply a procedural bar. He also argues

again that it would be a miscarriage of justice to apply a procedural bar to his claims because he is actually innocent. Petitioner's arguments were considered and rejected in the Court's Memorandum Opinion denying his habeas petition. As Petitioner has not shown that the Court incorrectly granted Respondent's motion to dismiss, the Court declines to grant relief from the order dismissing his habeas petition.

In light of the foregoing, Petitioner's motion for rehearing, (Docket No. 25), and motion for Rule 60(b), (Docket No. 32) will be DENIED.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

Date: December 8, 2008
Richmond, Virginia